HOUSTON, Justice
(concurring specially).
I concur to quash the writ. As this Court held in Grimes v. Stewart, 628 So.2d 467 (Ala.1993), the conflicting opinions given by the respective medical experts concerning the cause of Brian Ray Stewart’s leukemia, when considered in light of the undisputed evidence — that neither Arzie Grimes nor Russell Grimes had any known reason or motivation to harm Stewart or anyone else; that Russell Grimes had performed the same kind of work as Stewart, under the same conditions; and that no employee of ATEC Associates, Inc. (“ATEC”), or anyone else performing similar work, had ever been known to develop leukemia by breathing fumes from gasoline-contaminated soil — precluded a judgment for Stewart on his claim for damages under Ala.Code 1975, § 25-5-11(c)(1), as a matter of law.
However, this Court assumed for purposes of the appeal in Grimes, supra, that the testimony of Stewart’s medical expert, Dr. Elaine Panitz, supported his pending claim for workers’ compensation benefits. After carefully reviewing Dr. Panitz’s testimony again in this action seeking workers’ compensation benefits, I am satisfied that she was qualified to render an opinion as to whether Stewart’s exposure to benzene and gasoline fumes was a contributing factor in his contracting leukemia. I am also satisfied that Dr. Panitz’s testimony was sufficient to establish medical causation and that it supported the trial court’s judgment. Ex parte Valdez, 636 So.2d 401 (Ala.1994). Although I find the calculations of Carey Paul Busbin, an environmental engineer who testified on Stewart’s behalf, to be suspect with regard to the amount of benzene to which Stewart was actually exposed, Dr. Panitz did not rely solely on Busbin’s calculations in formulating her opinion. Dr. Panitz also calculated the *1301 level of Stewart’s exposure to benzene based on the symptoms that he had described; therefore, she had an independent basis for concluding that benzene was a contributing factor in Stewart’s illness. Although, as ATEC contends, Stewart’s credibility may have been an issue with respect to his description of his symptoms, the weight to be given his testimony describing his symptoms is not an issue before this Court. Ex parte Valdez, supra.